UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA L. DURAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-566-JSD |
| ST. LOUIS BLUES HOCKEY CLUB, L.P. ET AL., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER OF REMAND

This matter is before the Court on Plaintiff's Motion for Remand. (ECF No. 21) For the following reasons, the motion will be granted.

Plaintiff Jessica Duran ("Duran") filed her Petition in the 22nd Judicial Circuit Court for the City of St. Louis, State of Missouri, alleging state law negligence claims against St. Louis Blues Hockey Club, L.P., Fair St. Louis Foundation d/b/a Fair St. Louis ("Fair STL"), Klance Staging, Inc., and Securitas Security Services USA, Inc. (collectively, "Defendants"). Defendant Fair STL removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, asserting jurisdiction on the basis of federal question jurisdiction. (Notice of Removal, ECF No. 1) Duran's Petition alleges negligent acts that occurred on the grounds of the St. Louis Gateway Arch, known officially as the Gateway Arch National Park and f/k/a the Jefferson National Expansion Memorial National Historical Site. (ECF No. 1, ¶¶ 10-11; Petition, ECF No. 5, *passim*) As a result, Fair STL removed this action, asserting that the lands of the Gateway Arch National Park are a federal enclave for purposes of federal jurisdiction. (ECF No. 1, ¶¶ 10-18)

1

Here, Duran moves for remand, arguing that the Court lacks jurisdiction because Fair STL did not obtain the consent of the other defendants prior to removing this action under 28 U.S.C. § 1446(b)(A). Also, as to the merits, Duran contends that Fair STL has not established federal question jurisdiction. Specifically, Duran argues that Fair STL has not proven that Missouri conveyed civil jurisdiction over the land to the United States and that the United States accepted jurisdiction over the land.

In its Memorandum in Response to Plaintiff's Motion for Remand, Fair STL stated that it does not oppose the remand of this action because it "now believes there is concurrent jurisdiction between the State of Missouria and the United States over the alleged negligence claims created by third party non-property owners." (ECF No. 23 at 4)

As the party invoking jurisdiction, Defendant Fair STL has the burden of establishing that all prerequisites to jurisdiction have been satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969).  Fair STL does not oppose Plaintiff's motion, and therefore does not attempt to meet its burden. *See Anderson v. Hoffman*, No. 2:20 CV 87 SPM, 2021 WL 329779, at *2 (E.D. Mo. Feb. 1, 2021) ("Moreover, the removing defendant, who bears the burden of establishing federal jurisdiction, has signed Plaintiff's Stipulation and consents to the case being remanded."). Likewise, the co-defendants, St. Louis Blues Hockey Club, L.P. Klance Staging, Inc., and Securitas Security Services USA, Inc. have not opposed the Motion for Remand. Thus, the Court grants Plaintiff's unopposed Motion for Remand and remands this action to the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand. (ECF No. 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the 22nd Judicial Circuit Court for the City of St. Louis, State of Missouri, from which it was removed.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of June, 2024.